# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KEVIN SROGA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| RENDERED SERVICES INC., WILLIAM NESTOS, JOHN DOE, Agent for Rendered Services, ILLINOIS COMMERCE COMMISSION, and the STATE OF ILLINOIS | ) ) ) ) ) |
| Defendants. | ) ) |

Case No. 19-cv-2299

Judge Sharon Johnson Coleman

## ORDER

Defendants' Motion to Dismiss [16] is granted with prejudice.

## STATEMENT

Plaintiff Kevin Sroga filed his complaint, which the Court deemed filed on May 13, 2019 after granting him leave to proceed *in forma pauperis*. Invoking 42 U.S.C. § 1983, Sroga alleges that his Fourth, Fifth, and Fourteenth Amendment rights, among others, were violated in conjunction with the tow of ten vehicles and a boat. Sroga brought nine claims against a number of defendants. These claims included Count II, a Due Process Claim, and Count IX, a *Monell* claim, against the Illinois Commerce Commission ("ICC"). Sroga failed to appear at Court hearings on June 3, 2019, September 16, 2019, October 1, 2019, and October 25, 2019. (Dkt. 10, 20, 28, 32.)

Defendants ICC and the State of Illinois moved to dismiss Sroga's complaint based on Eleventh Amendment immunity, pursuant to Rule 12(b)(6). Sroga did not file a brief in response, despite multiple orders from the Court confirming the briefing schedule. (Dkt. 20, 32.) To date, Sroga has not filed anything further with the Court.

1

When considering a Rule 12(b)(6) motion, the court accepts all of the plaintiff's allegations as true and views them "in the light most favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). A complaint must contain allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

It is a longstanding rule that a plaintiff waives his claims when he fails to develop arguments or fails to respond to alleged deficiencies in a motion to dismiss. *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (collecting cases); *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005) (recognizing that a complaint is subject to dismissal where a plaintiff does not file a response supporting the legal adequacy of the complaint). Sroga's silence in response to defendants' motion to dismiss operates as abandonment of any argument against dismissing the claims. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."). The Court is therefore compelled to grant defendants' motion to dismiss.

Even if Sroga had not waived his arguments on all of his claims, however, the Court would dismiss the claims against ICC and the State of Illinois. The Eleventh Amendment bars Sroga from suing the ICC or the State of Illinois in federal court unless the State consents or Congress has abrogated the immunity with respect to a particular statute. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *Nuñez v. Indiana Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016) (state agency is considered the State for Eleventh Amendment purposes). Here, Sroga brought suit against the State and a state agency and neither of the noted exceptions exist, so both defendants must be dismissed. Given Sroga's waiver of his claims and Eleventh Amendment immunity, the Court does not address defendants' additional arguments in support of dismissal.

Sroga cannot correct this issue with an amended complaint, and thus, the Court grants defendants' Motion to Dismiss [16] with prejudice.

IT IS SO ORDERED.

Date: 11/20/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge