UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN SROGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RENDERED SERVICES INC., WILLIAM | ) | Case No. 19-cv-2299 |
| NESTOS, and JOHN DOE, Agent for Rendered | ) | |
| Services | ) | Judge Sharon Johnson Coleman |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kevin Sroga filed his complaint, which the Court deemed filed on May 13, 2019 after granting him leave to proceed in forma pauperis, which includes a number of federal and state law claims. Sroga invoked 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1986 to allege that his Fourth, Fifth, and Fourteenth Amendment rights, among others, were violated in conjunction with the tow of ten vehicles and a boat. Sroga brought claims against Rendered Services Inc., William Nestos, John Doe, the Illinois Commerce Commission, and the State of Illinois. The Court dismissed Sroga's claims against the Illinois Commerce Commission and the State of Illinois on November 20, 2019. Defendants Rendered Services and Nestos ("Defendants") filed the present motion for summary judgment on October 22, 2019. For the reasons stated herein, this Court grants Defendants' motion for summary judgment [29].

**Background**

The following facts are undisputed. Sroga did not file a response brief or supporting materials as required by Local Rule 56.1(b). Therefore, the Court accepts as true all material facts set out in Defendants' Local Rule 56.1(a) statement. *Cracco v. Vitran Express, Inc.,* 559 F.3d 625, 632 (7th Cir. 2009).

Defendant Rendered Services, Inc. is a licensed commercial relocator under the Illinois Commercial Relocation of Trespassing Vehicles Law. It is the business of towing unlawfully parked vehicles from private property, pursuant to contracts with property owners (e.g. strip malls, apartment complexes, retail store parking lots). Defendant William Nestos is Rendered's general manager at its Rascher location.

The present lawsuit arises out of Rendered's towing of ten vehicles and a boat with a trailer from a location on West North Avenue in Chicago, Illinois on February 13 and 14, 2017. This is the third time Sroga has filed a lawsuit against Rendered regarding the same incident.

On February 27, 2017, Sroga filed a Complaint for Replevin against Rendered in the Circuit Court of Cook County, Illinois. The Complaint alleged that Rendered towed ten motor vehicles and one boat with a trailer allegedly belonging to Sroga. On April 10, 2017, Sroga voluntarily dismissed the case without prejudice pursuant to 735 ILCS 5/2-1009.

On May 2, 2017, Sroga filed his Complaint for Conversion against Rendered in the Circuit Court of Cook County, Illinois. The Conversion Complaint alleged monetary damages as a result Rendered towing the same ten motor vehicles and one boat with a trailer, which was also alleged in the Replevin Complaint. On September 1, 2017, the court dismissed the case for want of prosecution.

On May 13, 2019, Sroga filed the instant case. This action is based on the same facts as the Replevin Complaint and Conversion Complaint, namely, the towing of ten motor vehicles and a boat with a trailer owned by Rendered that were located at W. North Avenue, Chicago, Illinois.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A

genuine issue of material fact exists only if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Where, as here, the non-moving party fails to respond as set forth in Local Rule 56.1(b), the Court does not automatically grant summary judgment, but still reviews the facts and draws all reasonable inferences in the light most favorable to the non-moving party. *See Cracco*, 559 F.3d at 632; *Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006) ("the Supreme Court has made clear that even pro se litigants must follow rules of civil procedure."). As noted above, however, the facts presented by the Defendants are undisputed.

**Discussion**

Defendants argue that they are entitled to a judgment as a matter of law on Sroga's federal claims because they are barred by applicable statues of limitations. The Court agrees.

Sroga brings counts I and II of the complaint under 42 U.S.C. § 1983 and Count III under 42 U.S.C. § 1985, both of which do not have an express statute of limitations. Instead, federal courts hearing claims under § 1983 and § 1985 adopt the forum state's statute of limitations for personal injury claims. *See Ross v. Illinois*, 48 Fed. Appx. 200, 202 (7th Cir. 2002); *Ashafa v. City of Chicago,* 146 F.3d 459, 461 (7th Cir.1998). In Illinois, the statute of limitations for personal injury claims is two years. *Dominguez v. Hendley,* 545 F.3d 585, 588 (7th Cir.2008). Thus, the statue of limitations for Sroga's § 1983 and § 1985 claims is two years. Federal law determines when a claim accrues, which is "when the plaintiff knows or should know that his or her constitutional rights have been violated." *Behavioral Inst. of Indiana, LLC v. Hobart City of Common Council,* 406 F.3d 926, 929 (7th Cir.2005). Accordingly, Sroga's § 1983 and § 1985 claims accrued on February 13 and 14, 2017, when the vehicles and boat were towed. He filed the present complaint on May 13, 2019, more than two years after the statute of limitations expired.

Sroga brings Count IV of the complaint pursuant to 42 U.S.C. § 1986, which carries its own statute of limitations of one year after the underlying § 1985 cause of action has accrued. 42 U.S.C.A. § 1986. Sroga has alleged that Defendant Nestos had direct knowledge of the underlying § 1985 claim at the time it occurred, and that he participated it in. Thus, the state of limitations expired one year after the vehicles and boat were towed on February 13 and 14, 2007.

Furthermore, the Illinois savings statue does not help Sroga to avoid the expired statute of limitations. That statute, 735 ILCS 5/13–217, permits an action that had been dismissed for want of prosecution (among other things) to be refiled within one year after dismissal even if the statute of limitations had run. Regardless of the issue that this is Sroga's third re-filing, the extra time provided by the savings statute ran out before Sroga filed this lawsuit. The Circuit Court of Cook County dismissed Sroga's case on September 1, 2017 and he filed this action on May 13, 2019, well after a year had passed.

Accordingly, the Court grants the Defendants' motion for summary judgment on Counts I-IV. Because the Court has dismissed all federal claims over which it had original jurisdiction, it declines to exercise supplemental jurisdiction over the state law claims—Count V (adverse possession), Count VI (conversion), Count VII (intentional infliction of emotional distress), and Count VIII (*respondeat superior*).

**Conclusion**

Based on the foregoing, no genuine issue of material fact exists as to any of Sroga's claims, and Defendants are entitled to judgment as a matter of law. The Court grants Defendants' motion for summary judgment [29] and dismisses Sroga's complaint. Civil case terminated.

IT IS SO ORDERED.

Date: 8/31/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

5